UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL HOOTEN,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-633-JD-AZ |

OPINION AND ORDER

Michael Hooten, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Hooten is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[1] Hooten filed this lawsuit in the Southern District of Indiana, which transferred the case to this court in May 2026. (ECF 23.) Thereafter, Hooten requested leave to amend his complaint, and he was granted three extensions of time to do so. (*See* ECF 26, 29, 34.) The most recent deadline expired on September 8, 2026, and to date, Hooten has not filed an amended complaint. To avoid further delay in the case, the court will proceed to screen the original complaint filed in the Southern District, which remains the operative pleading. The court notes that Hooten's handwriting is quite difficult to decipher in places, but the court has endeavored to give it liberal construction.

According to the complaint, Hooten suffers from multiple sclerosis and is confined to a wheelchair. In 2025, he was transferred to Miami Correctional Facility ("Miami") from another facility. He alleges that while at Miami, he has not been given a handicapped-accessible cell. He claims the lack of grab bars near the toilet and the lack of ample space for him to maneuver his wheelchair have made it difficult for him to carry out the functions of daily living. He claims he has requested a handicapped-accessible cell several times, but has been brushed off by staff.

He further claims that for a few months in 2025 he was housed in a cell with a non-disabled individual whom he describes as a "violent gang member." He claims he alerted Classification Supervisor McKinney (first name unknown) that he was in danger and needed to be moved immediately, but McKinney allegedly did nothing to assist him. He claims he was then "attacked and robbed" by his cellmate, causing him pain and injury. He was moved again, but he claims the new cell was also non-accessible. It appears that he remains in that cell at present.

Based on these events, he sues the Indiana Department of Correction ("IDOC"); Centurion Health of Indiana, LLC; Supervisor McKinney; the prison's disabilities coordinator Ms. Singh (first name unknown); and his caseworker Ms. Isaac (first name unknown). He seeks monetary damages and injunctive relief.

Title II of the Americans with Disabilities Act ("ADA") provides that qualified individuals with disabilities may not "be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity." 42 U.S.C. § 12132. "State prisons fall squarely within the statutory definition of 'public entity.'" *Pa. Dep't of*

*Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). State prison officials can be sued under the ADA for declaratory and injunctive relief. *Radaszweski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 606 (7th Cir. 2004).

Where an inmate seeks damages, the Seventh Circuit has suggested replacing a prisoner's ADA claim with a parallel claim under the Rehabilitation Act, 29 U.S.C. § 701, given the uncertainty about the availability of damages under Title II. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012). Under the Rehabilitation Act, damages are available against a state that accepts federal assistance for prison operations, as all states do. *Id.* To allege a claim under the Rehabilitation Act, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the defendant denied him access to a program, service, or activity because of his disability. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). A claim under the Rehabilitation Act cannot be brought against individual prison employees, but may be brought against the department head in his or her official capacity. *Jaros*, 684 F.3d at 670 & n.2. Access to toilets and other necessities of daily living is protected by the ADA and the Rehabilitation Act. *Jaros*, 684 F.3d at 672.

Here, Hooten plausibly alleges that he is a qualified person with a disability and that he has been denied access to needed accommodations to permit him to carry out the functions of daily living. He seeks injunctive relief in the form of a cell that adequately meets his needs as someone confined to a wheelchair. He has stated a plausible claim for injunctive relief under the Rehabilitation Act and ADA. *See id.* (prisoner pleaded a plausible claim for failure to make reasonable accommodations

where he alleged that Department of Corrections refused to accommodate his disability, and consequently kept him from accessing meals and showers on the same basis as other inmates). He has not named the Commissioner of IDOC as a defendant, but in the interest of justice, this individual will be added as a party so that Hooten may proceed on this claim.

Hooten additionally seeks money damages, which are not available under the ADA. A claim for damages is available under the Rehabilitation Act, but solely against the Commissioner in his official capacity.[2] *Jaros*, 684 F.3d at 670 n.2. Hooten will be permitted to proceed against the Commissioner on a claim for damages under the Rehabilitation Act for denying him accommodations for his disability between 2025 through the present, but his claims against the other individual defendants for disability discrimination will be dismissed.

Hooten further claims that Supervisor McKinney failed to protect him from being attacked by his cellmate. The Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the

---

[2] Although the Eleventh Amendment generally bars suits for money damages against a state or state official in his official capacity, the Seventh Circuit has held that states waived their Eleventh Amendment immunity under the Rehabilitation Act by accepting federal funds. *Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000).

plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). To be held liable, a defendant must have "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008); *see also Sinn v. Lemmon*, 911 F.3d 412, 422 (7th Cir. 2018).

Giving Hooten the inferences to which he is entitled at this stage, he has alleged a plausible failure-to-protect claim against Supervisor McKinney. He claims that he has significant physical limitations and is in a wheelchair, yet he was placed with a non-disabled inmate who he states was known to be violent. He claims he expressly warned Supervisor McKinney that he was in danger from this inmate, but Supervisor McKinney allegedly took no action to help him. He was subsequently attacked by this inmate. He will be permitted to proceed further on a claim against Supervisor McKinney under the Eighth Amendment.

As a final matter, Hooten includes a number of allegations about the medical care he is receiving for his multiple sclerosis at Miami. However, his medical care for this condition is already the subject of another pending lawsuit he filed in this District. *See Hooten v. Centurion Health of Indiana, LLC,* No. 3:26-CV-11-JTM-AZ (N.D. Ind. filed Jan. 7, 2026). It is considered malicious for him to use the *in forma pauperis* statute to file a lawsuit that duplicates claims contained in another pending case. *Lindell v. McCallum*,

352 F.3d 1107, 1109 (7th Cir. 2003); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (federal lawsuit that duplicates claims in another pending lawsuit can be dismissed). He will not be permitted to proceed on a claim related to his medical care in this lawsuit.

For these reasons, the court:

(1) DIRECTS the clerk to add the Commissioner of the Indiana Department of Correction as a defendant;

(2) GRANTS the plaintiff leave to proceed against the Commissioner of the Indiana Department of Correction in his official capacity for money damages under the Rehabilitation Act for failing to provide the plaintiff with reasonable accommodations for his disability from 2025 to the present, and for prospective injunctive relief under the Americans with Disabilities Act related to the plaintiff's ongoing need for such accommodations;

(3) GRANTS the plaintiff leave to proceed against Classification Supervisor McKinney (first name unknown) for failing to protect him from being attacked by his cellmate in 2025 in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Indiana Department of Correction, Centurion Health of Indiana LLC, Ms. Singh, and Ms. Isaac as defendants;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Commissioner of the Indiana Department of Correction and Classification

Supervisor McKinney (first name unknown) at the Indiana Department of Correction and to send them a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(8) ORDERS Commissioner of the Indiana Department of Correction and Classification Supervisor McKinney (first name unknown) to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 21, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT